UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

KENNETH GUICE                                CIVIL ACTION 3-05-0340

VERSUS                                       U.S. DISTRICT JUDGE ROBERT G. JAMES

BLOUNT, INC.
                                             U.S. MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION

Before the court is defendant, Blount's motion to dismiss, Doc. # 7, referred to me by the

district judge.  This is a diversity case in which plaintiff filed suit in this court asserting that the

amount in controversy exceeds  $75,000. Plaintiff claims personal injuries when a tree he was

cutting fell through the windshield of the equipment he was operating. Defendant moves to

dismiss claiming that the only medical information received from the plaintiff shows minimal

injuries which cannot result in the award of damages exceeding $75,000.  Plaintiff has chosen

not to respond to the motion or to assist the court in its resolution and has offered no evidence

controverting that presented by defendant.

Law and Analysis

In his complaint, plaintiff claimed entitlement to damages for pain and suffering, mental

anquish and emotional trauma, and medical expenses.  Plaintiff also asserts, without elucidation,

that "the amount in controversy exceeds $75,000, excluding interest and costs".

Where the complaint alleges entitlement to damages which exceed the jurisdictional

limits of the court,  $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938).

Here, defendant has shown by medical records attached to its motion, and unopposed by the plaintiff, that plaintiff's injuries are relatively minor and based on a review of cases involving similar injuries, could not result in a total award of medical expenses and pain and suffering even approaching $75,000.  Compare, in the removal context,  Luckett v. Delta Airlines, Inc. , 171 F.3d 295, (5th Cir. 1999).  Plaintiff apparently agrees because he has filed no other medical evidence controverting that presented by defendants nor has he made any argument suggesting that such analysis is wrong.

Therefore, IT IS RECOMMENDED that defendant's motion to dismiss, Doc. #7 be GRANTED and this case be DISMISSED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL**

**BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 20th day of September 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE